IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01640-REB-MEH

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

STEVEN B. MISNER,

    Defendant.

───────────────────────────────────────────────────────────────────

**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
───────────────────────────────────────────────────────────────────

Before the Court is Defendant's Amended Motion to Limit Discovery [doc #37]. The matter has been referred to this Court for resolution [doc #45]. Pursuant to D.C. Colo. LCivR. 7.1.C, the Court has reviewed Defendant's Motion, Plaintiff's Response, Defendant's Reply, and Plaintiff's Surreply.[1] For the reasons stated below, the Court **grants in part** and **denies in part** the Amended Motion to Limit Discovery.

**BACKGROUND**

Plaintiff brings this action against Defendant for violations of Section 10(b) of the Securities Exchange Act and Rule 10(b)-5, alleging that Defendant made false and misleading statements regarding ownership rights to, value and sale of water in an underground reservoir, as well as regarding Defendant's progress in developing the reservoir, all in an effort to mislead investors. Plaintiff seeks injunctive relief barring Defendant from participation in certain activities governed by the Securities Exchange Act, and monetary relief in the form of a civil penalty and disgorgement of

───────────────

[1]This Court granted Plaintiff's Motion for Leave to File Surreply during a status conference on October 29, 2007 [doc #46].

Defendant's profits and proceeds.

Plaintiff served a Notion of Deposition upon Defendant on September 18, 2007 for a deposition to be taken on September 28, 2007. Motion, Exh. A. In response, Defendant filed the instant Motion to Limit Discovery arguing that an oral deposition might aggravate his heart condition, and that the discovery currently sought by the Plaintiff is overbroad and burdensome. Defendant requests that the Court (1) require Plaintiff to take Defendant's deposition upon written questions, (2) allow no further document production except upon a showing of necessity and by order of the Court, and (3) limit the deposition in scope to the time period "up to and including December 2003," or, in the alternative, seal any discovery granted after that date to protect trade secrets and other confidential commercial information.

## **DISCUSSION**

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 134 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) (2007). The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2007). The party objecting to discovery has the burden of establishing that

the requested discovery falls under the prohibitions of Fed. R. Civ. P. 26(c), and that he will be harmed by its disclosure. *See Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). The Court will address each of the Defendant's requests in turn.

**I.      Request to Take Deposition Upon Written Questions**

Defendant contends that the stress of a seven-hour oral deposition may cause him to suffer a "tachycardia" attack and require immediate medical attention. Reply at 7. He claims that, currently, he has no health insurance and cannot afford any medical expenses that may result from such attack. *Id.* In the alternative to an order for deposition upon written questions, the Defendant seeks an order that the deposition be held by teleconference using the same media as that used for other depositions taken in this litigation. *Id.*

Plaintiff opposes Defendant's request for deposition upon written questions, arguing that Defendant has attended the other depositions taken in this litigation without any accommodation for his health. Response at 6.

In cases granting deponents protection from oral depositions, courts generally rely on the testimony of medical experts as to the deponents' health. *See, e.g., Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005); *Frideres v. Schlitz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993); *In re McCorhill Publ'g, Inc.*, 91 B.R. 223 (Bankr. S.D. N.Y. 1988). Here, while Defendant provides no testimony or sworn affidavits, Defendant attaches a copy of a September 4, 2007 letter from his physician, Virag Shah, M.D., stating that, due to his "heart condition," Defendant is to "continue with his medication" and to "avoid stimulants and stressful situations, as this may exacerbate his symptoms." Motion, Exh. 5. Certainly, the Court recognizes that severe stress and/or anxiety may worsen a health condition, and seeks to protect the Defendant from any aggravation of

his heart ailment.

Therefore, the Court will deny Defendant's request to take the deposition upon written questions, but will allow Plaintiff to take Defendant's deposition using the same method(s) used in other depositions taken in this litigation, either by telephone or by videoconference, or if it so desires, in person, at the expense of the Plaintiff. Further, the Court will allow Defendant to have present at the deposition a personal representative or family member only for purposes of emotional and/or medical support. Finally, the Court directs the parties to be mindful of Defendant's health condition, and to schedule the timing of the deposition (*i.e.*, in short periods at different times) in accordance with Defendant's health constraints. The parties are directed to contact the Court at (303) 844-4507 with any issues pertaining to this Order either before or during the Defendant's deposition.

## II.   Request to Limit Further Document Production

In its Brief in Support of Surreply ("Surreply"), Plaintiff asserts that the parties have reached agreement on this issue. Surreply at 1. Defendant did not oppose Plaintiff's Motion for Leave to File Surreply, nor has he raised objections regarding the content of the Surreply.[2] Consequently, the Court will deny as moot the within Motion to the extent it seeks an order limiting further document production in this case.

## III.  Request to Limit Scope of Deposition

Defendant seeks an order limiting the scope of the deposition to "the time period up to and including December 31, 2003 except upon a showing of necessity and upon order from the Court." Motion at 7. Defendant asserts that, because the Plaintiff's claims against him center around his

---

[2] In addition, Defendant made no objection regarding this issue during the October 29, 2007 status conference.

activities in 2002, he "does not believe that there is discoverable information pertaining to the statement of claim from December 31, 2003 onward." Reply at 8.

Furthermore, Defendant claims that, as a "direct result" of subpoenas issued by Plaintiff to the clients of a small data company (AIFE Ltd.) in which he holds an ownership interest and from which he claims to derive his primary source of income, AIFE Ltd. had no income for the years 2004 and 2005. Motion at 3. Defendant contends that the activities of AIFE Ltd. constitute trade secrets, confidential research, development and commercial information, and states that he is concerned the Plaintiff "will once again utilize this information to cause Defendant undue hardship and oppression." *Id.* Consequently, Defendant requests that, in the alternative to an order limiting the scope of his deposition, the Court enter an order sealing his deposition transcript.

For good cause shown, a court may enter an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7) (2007). To carry the good cause burden under Rule 26(c)(7), a party must first establish that the information is a trade secret or other confidential research, development, or commercial information, and then demonstrate that its disclosure might be harmful. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325-326 (10th Cir. 1981). The moving party must set forth specific facts showing good cause, not simply conclusory statements. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Thus, Defendant must do more than simply allege that the information is proprietary and confidential. *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000). In determining the proper level of protection, the Court must balance the requesting party's need for the discovery against the resisting party's claimed harm that will result from disclosure. *See Centurion Indus., Inc.*, 665 F.2d at 325.

Here, the Defendant fails to demonstrate good cause for limiting the scope of his deposition, and for sealing his deposition transcript. Again, under the federal rules, parties may obtain discovery regarding *any* matter, not privileged, that is relevant to the party's claims or defenses. *See* Fed. R. Civ. P. 26(b)(1) (2007). Defendant fails to specify how discovery of information past December 31, 2003 is irrelevant and/or will result in "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c) (2007). Furthermore, Defendant fails to specify which of AIFE Ltd.'s activities are trade secrets or confidential information, and how disclosure of this information will harm the Defendant. In fact, Defendant concedes that he has already provided information and/or documentation regarding AIFE Ltd. to Plaintiff (Motion at 3), and has not, to the Court's knowledge, raised issues of confidentiality in the disclosure of that information.

Therefore, the Court will deny Defendant's Motion to the extent it requests limiting the scope of the deposition for the time period up to and including December 31, 2003. If, during the deposition or at a time when the deposition transcript is used in this litigation, Defendant believes certain information to be irrelevant or prohibited by Rule 26(c), Defendant may raise his objections at that point. Moreover, the Court will deny without prejudice Defendant's Motion to the extent it requests that the deposition transcript be sealed. Defendant has failed to demonstrate good cause by providing only conclusory allegations that the information at issue is confidential.

## CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Amended Motion to Limit Discovery [filed September 26, 2007; doc #37] is **granted in part** and **denied in part** as follows:

(1) Defendant's request for an order to take his deposition by written questions is **denied**;

>alternatively, Defendant's request for an order to take his deposition by telephone, videoconference or in person, at the expense of Plaintiff, is **granted**;

(2) Defendant's request to limit document production in this case is **denied as moot**;

(3) Defendant's request to limit the scope of his deposition to a time period up to and including December 31, 2003 is **denied**; and

(4) Defendant's request to seal his deposition transcript is **denied without prejudice**.

Dated at Denver, Colorado, this 30th day of October, 2007.

>BY THE COURT:

>s/ Michael E. Hegarty
>Michael E. Hegarty
>United States Magistrate Judge