IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01640-REB-MEH

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

STEVEN B. MISNER,

    Defendant.

---

# RECOMMENDATION ON MOTION TO AMEND

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Permission to File Amended Complaint ("Motion") [doc #50]. The matter is fully briefed and has been referred to this Court for recommendation. For the following reasons, the Court recommends that the Motion be **granted in part and denied in part**.[1]

**A.**     **Background**

Plaintiff seeks to add two new claims and a set of facts developed through discovery to this

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

lawsuit. In the proposed First Amended Complaint, Plaintiff seeks to add claims involving Defendant's conduct with an individual investor from approximately November 2001 through September 2002, including (1) materially false and misleading statements made to the investor, and (2) breach of duty for failure to correct the statements made to the investor. Motion, Exh. A, ¶¶ 61, 65; Reply at 2-3. In addition, Plaintiff requests permission to include information regarding February 2002 and May 2002 press releases allegedly drafted by Defendant and/or his company. *Id.* at ¶¶ 23-31.

Defendant contends that the Motion is both untimely and prejudicial. Defendant asserts that Plaintiff deposed the individual investor in February 2004, that no claims of "fraud" arose at that time or any time until the within Motion was filed, and that any claims involving the individual investor are "barred by the applicable statute of limitations." Response at 1. Defendant also argues that certain omissions from the proposed Amended Complaint will cause him prejudice in that he will now be unable to disprove such omitted allegations, which would have benefitted him at trial. *Id.* at 9.

**B.     Analysis**

Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15 (2007); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing

2

of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

In this case, the deadline for amendment of pleadings was June 29, 2007, and discovery was concluded on November 30, 2007. The dispositive motion deadline is currently set for January 14, 2008.

      1.      <u>Claims involving Individual Investor</u>

Plaintiff seeks to add to the Complaint two claims involving Defendant's conduct with an individual investor from approximately November 2001 through September 2002: (1) materially false and misleading statements made to the investor, and (2) breach of duty for failure to correct the statements made to the investor. Motion, Exh. A, ¶¶ 61, 65; Reply at 2-3. The facts underlying the claims were not, and have not been, asserted by Plaintiff in previous pleadings; thus, November 14, 2007 is the first time the new claims have been alleged against Defendant in this lawsuit.[2] *See* Complaint at doc #2. Defendant asserts that Plaintiff's amendments are barred by the statute of limitations [Response at 1], which can be found at 28 U.S.C. § 2462 and which states, in pertinent part:

> ...an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued ...

28 U.S.C. § 2462 (2007).

Section 2462 clearly applies to actions, suits or proceedings for the "enforcement of any

---

[2]Notably, Plaintiff conducted an investigation into the allegations against Defendant in or about 2004, including a February 2004 full-day "deposition" of the individual investor, Nathan Low. Response at 1, 4. Thus, the Plaintiff knew or should have known of the allegations lodged against Defendant within the five-year limitations period, but failed to bring them until November 2007.

3

***civil fine, penalty, or forfeiture***, pecuniary or otherwise." *See id.* (emphasis added). The express language of a statute is controlling, absent a clearly expressed legislative intention to the contrary. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980).

Section 2462 does not apply to claims for equitable relief, since actions for equitable relief typically are not actions for penalties or fines. *See Hartford-Empire Co. v. United States,* 323 U.S. 386, 435 (1945) ("relief in equity is remedial, not penal"). A penalty for purposes of § 2462 is a sanction or punishment imposed for violating a public law which goes beyond compensation for the injury caused by the defendant. *U.S. v. Telluride Co.*, 146 F.3d 1241, 1252 (10th Cir. 1998). A sanction that only remedies damage caused by the defendant is not a penalty for purposes of § 2462, even though it is imposed by the government. *See, e.g., Chattanooga Foundry & Pipe Works v. Atlanta,* 203 U.S. 390, 397 (1906). Equitable remedies, such as disgorgement, which sanction past conduct, are remedial and not penal. *See, e.g., SEC v. Bilzerian,* 29 F.3d 689, 696 (D.C. Cir. 1994).

In this case, Plaintiff prays that the Court order the following relief:

(i) Permanently enjoins Defendant Misner from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

(ii) Orders Defendant Misner to prepare a sworn accounting of the purpose, disposition, and present location of all the money he obtained from Southwestern during the period November 1, 2001 through December 31, 2002;

(iii) Orders Defendant Misner to disgorge all profits or proceeds that he has received as a result of his conduct as described in this Complaint, plus prejudgment interest;

(iv) Orders Defendant Misner to pay an appropriate civil money penalty pursuant to

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

(v) Permanently bars Defendant Misner from any future participation in the offering of any penny stock as defined by Section 3(a)(51)(A) of the Exchange Act [15 U.S.C. § 78c(a)(51)(A)], pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)] and the Court's equitable powers;

(vi) Permanently bars Defendant Misner from acting as an officer or director of any public company pursuant to Section 21(d)(2) of the Exchange Act;

(vii) Grants such other relief as this Court may deem just and appropriate; and

(viii) Retains jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

Motion, Exh. A at 21-23. Clearly, Plaintiff seeks both equitable and non-equitable remedies for Defendant's alleged violations.

Based on the foregoing, and despite Defendant's assertion that the claims fall "within the five-year statute of limitations period" [Reply at 3], the Court concludes that Plaintiff's new claims are barred by the five-year statute of limitations found at 28 U.S.C. § 2462, insofar as Plaintiff seeks civil penalties or other non-equitable remedies against the Defendant. Consequently, adding the new claims to the Complaint would be futile and prejudicial to the Defendant. Thus, the Court **recommends** that the District Court grant Plaintiff's Motion to add the new claims <u>only</u> to the extent the claims seek equitable remedies against the Defendant, and otherwise, to deny Plaintiff's Motion to add the new claims.

    2.    <u>New Statement of Facts</u>

Plaintiff also seeks to add to the Complaint information regarding February 2002 and May 2002 press releases allegedly propounded by Defendant and/or his company. The Court believes that the proposed amendments are appropriate here. The new factual allegations are similar to those already made in this case. The Court agrees that permitting the amendments should not require additional discovery in this matter, particularly because the allegations were investigated and the documents exchanged well before the within motion was filed. Defendant may certainly rebut Plaintiff's allegations at trial or in pre-trial pleadings; therefore, neither undue burden nor prejudice have been established. Therefore, the Court concludes that Plaintiff has established good cause for amending its Complaint to add the information regarding the February 2002 and May 2002 press releases, and **recommends** that the District Court grant Plaintiff's Motion to add such information.

**III.    Conclusion**

Accordingly, for the reason stated above, it is hereby **recommended** that the Plaintiff's Motion for Permission to File Amended Complaint [filed November 14, 2007; doc #50] be **granted in part and denied in part** as set forth herein.

Dated at Denver, Colorado, this 28th day of December, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge